There being no reversible error, the judgment is affirmed.

---

**Lee Roy THRASHER, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42273.**

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Rehearing Denied Feb. 25, 1970.

Tom Upchurch, Jr., Amarillo, for appellant.

Tom Curtis, Dist. Atty., Amarillo, John B. Reese, Asst. Dist. Atty., Amarillo, and

**70**

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

In his sole ground of error the appellant challenges the sufficiency of the evidence to support the conviction.

Officer Jerry Hyman of the Amarillo Police Department testified he answered a burglar alarm call at 1111 North Buchanan on March 13, 1968, at approximately 8:20 p. m. As he drove up he saw a man dressed in a suit inside the beauty shop at that address going out the back door. He raced around the building in three or four seconds and observed no one else but the subject who then fled. A chase on foot ensued, six shots were fired by Officer Hyman and the subject was finally apprehended and handcuffed. When the officer attempted to loosen the handcuffs, the subject sought to flee again. Officer Hyman identified appellant as the subject he had arrested and testified at the time the appellant had on a suit, gloves on his hands and a large amount of change on his person.

Mrs. Handley, an employee of the beauty shop, testified that she closed the shop on March 13, 1968, locked the doors and set the burglar alarm; that the glass window by which it was shown entry had been obtained was not broken at the time.

Mrs. Colbert, the owner of the shop and former wife of the appellant, testified that she had not given the appellant consent or permission to break and enter her shop; that she had discovered approximately $20.-00 in quarters, dimes and nickels missing from her shop immediately after the burglary; that appellant was familiar with the place she kept her money when the shop was closed.

The appellant did not testify or offer any evidence at the guilt stage of the proceedings.

The careful trial judge instructed the jury on the law of circumstantial evidence.

We conclude that the jury's verdict is amply supported by the evidence.

The judgment is affirmed.